UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-877 |
| | § | |
| DAVID VILLARREAL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is a letter motion from Defendant David Villarreal seeking to have his sentence for revocation of supervised release in Cause No. 2:08-CR-877 run concurrently with his sentence for marijuana trafficking in Cause No. 2:12-CR-50-1. D.E. 83.

**I. BACKGROUND**

Defendant has a long criminal history in the Southern District of Texas, beginning with the above-captioned case. On April 23, 2009, Defendant was sentenced to 33 months' imprisonment, to be followed by 3 years' supervised release, after pleading guilty to conspiracy to possess with intent to distribute 46.4 kilograms of marijuana in Cause No. 2:08-CR-877. The following year, he was sentenced to 51 months' imprisonment, also to be followed by 3 years' supervised release, after pleading guilty to illegal reentry in Cause No. 5:10-CR-838.

On May 21, 2012, Defendant was sentenced to a mandatory minimum sentence of 120 months' imprisonment, to be followed by 5 years' supervised release, after pleading guilty to conspiracy to possess with intent to distribute 8.4 kilograms of cocaine in Cause

No. 2:11-CR-698-S-1. The following week, on May 29, 2012, he was sentenced to another mandatory minimum sentence of 120 months' imprisonment, also to be followed by 5 years' supervised release, after pleading guilty to possession with intent to distribute 1,603.51 kilograms of marijuana in Cause No. 2:12-CR-50-1. That same day, he was sentenced to 15 months' imprisonment after admitting to violating his supervised release in Cause No. 2:08-CR-877 by trafficking marijuana.

Finally, Defendant pled guilty to conspiracy to commit money laundering in Cause No. 5:11-CR-1245-5 and was sentenced on September 25, 2012, to 97 months' imprisonment, to run concurrently with his sentence in 5:10-CR-838 and to be followed by 3 years' supervised release.

## II. ANALYSIS

In his letter motion, Defendant complains that the 15-month sentence he received for revocation of supervised release in Cause No. 2:08-CR-877 "was stacked, onto my second case of One Hundred Twenty (120) months," whereas he "felt it should have been ran concurrent . . . ." D.E. 83, p. 2.

The Judgment for Revocation in Cause No. 2:08-CR-877 explicitly stated that "[t]he term is to be served consecutively to the sentence imposed in 2:12CR00050-001." D.E. 81, p.2. The Court has only limited statutory authority to modify a sentence after it has become final, and it may do so only as permitted by statute or after a defendant prevails on appeal or by post-conviction motion. *See* 18 U.S.C. § 3582(c); 28 U.S.C. § 2255. Defendant's motion does not fit within one of the permissible categories.

## CONCLUSION

For the reasons set forth above, Defendant's letter motion to run his sentences concurrently (D.E. 83) is **DENIED**.

It is so **ORDERED**.

ORDERED this 31st day of August, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE